UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **02-80636 CIV-RYSKAMP**

MAGISTRATE JUDGE VITUNAC

Gary Johnson, Individually and On Behalf
of All Others Similarly Situated,

    Plaintiffs,

vs.

TYCO INTERNATIONAL, LTD.; TYCO
INTERNATIONAL (US) INC., L. DENNIS
KOZLOWSKI, JOHN F. FORT, III, MARK
H. SWARTZ, JOSHUA M. BERMAN,
MICHAEL A. ASHCROFT, RICHARD S.
BODMAN, STEPHEN W. FOSS, WENDY
E. LANE, JAMES S. PASMAN, JR.,
W. PETER SLUSSER, JOSEPH F. WELCH,

    Defendants.

_____/

FILED by ___ D.C.
INTAKE
JUL -9 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND VIOLATION OF ERISA DISCLOSURE REQUIREMENTS INTRODUCTION

    1.    Plaintiff brings this action as a civil enforcement action under the Employee Retirement Income Security Act ("ERISA") §502(a), 29 U.S.C. §1132(a), for relief on behalf of all participants and beneficiaries of the Tyco International (US) Inc. Retirement Savings and Investment Plans I - VII ("the Plans"). The Plans are 401(k) compliant retirement plans operated and established by Tyco, certain officers of the Company, and the Company's Board of Directors (collectively, "defendants"). Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure of behalf of himself and all similarly situated persons.

### JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), which grants to United States District Courts jurisdiction over claims of this type.

    3.    This Court has personal jurisdiction over defendants because, as required by ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), one or more of defendants may be found in this district. The Court also has personal jurisdiction over defendants because the Company's Fire and Security



Business Unit's main office is in Boca Raton, Florida. Defendants systematically and continuously do business in this state and the case arises in part, out of defendants' acts within this state.

4.     Venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because defendants administer one or more of the Plans in this district, some or all of the actionable conduct for which relief is sought occurred in this district, or one or more of defendants may be found in this district.

## THE PARTIES

5.     Plaintiff Gary Johnson ("Johnson") or ("Plaintiff") is a resident of Peshtigo, Wisconsin. Johnson is an eleven-year employee of Ansul, a subsidiary of Tyco's Fire and Security segment, and is a participant in one or more of the Plans within the meaning of ERISA §3(7) and (8), 29 U.S.C. §1002(7) and (8).

6.     Defendant Tyco International, Ltd. is incorporated under the laws of Bermuda with its principal executive office located at the Zurich Centre, Second Floor, 90 Pitts Bay Road, Pembroke, Hm 08, Bermuda. Tyco is a diversified manufacturing and service company with global operations. The Company manufactures, services and installs electrical and electronic components, multi-layer printed circuit boards, energy solutions, undersea telecommunications systems, fire detection and suppression systems, flow control valves, electronic security systems, healthcare products and medical supplies. Tyco's common stock is traded on the New York Stock Exchange. The Company maintains several defined contribution retirement plans, which include 401(k) matching programs, as well as qualified and non-qualified profit sharing and share bonus retirement plans. The Company also maintains a Supplemental Executive Retirement Plan ("SERP").

7.     Defendant Tyco International (US) Inc. is the sponsor of the defined contribution plan known as the Tyco International (US) Inc. Retirement and Savings and Investment Plans I-VII.

8.     (a)     Defendant L. Dennis Kozlowski served at times relevant hereto as Chief Executive Officer, President and Chairman of the Board of Directors of Tyco prior to his resignation, effective June 3, 2002. In this capacity, Kozlowski has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(b) Defendant John F. Fort, III served at times relevant hereto as Interim Chief Executive Officer and director of the Company. In this capacity, Fort has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(c) Defendant Mark H. Swartz served at times relevant hereto as Chief Financial Officer, Executive Vice President and director of the Company. In this capacity Swartz has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(d) Defendant Joshua M. Berman served at times relevant hereto as a Vice President and director of the Company. In this capacity, Berman has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(e) Defendant Michael A. Ashcroft served at times relevant hereto as a director of the Company. In this capacity, Ashcroft has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(f) Defendant Richard S. Bodman served at times relevant hereto as a director of the Company. In this capacity, Bodman has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(g) Defendant Stephen W. Foss served at times relevant hereto as a director of the Company. In this capacity, Foss has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(h) Defendant Wendy E. Lane served at times relevant hereto as a director of the Company. In this capacity, Lane has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(i)   Defendant James S. Pasman, Jr. served at times relevant hereto as a director of the Company. In this capacity, Pasman has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(j)   Defendant W. Peter Slusser served at times relevant hereto as a director of the Company. In this capacity, Slusser has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

(k)   Defendant Joseph F. Welch served at times relevant hereto as a director of the Company. In this capacity, Welch has exercised discretionary authority or control with respect to the management of the Plans or predecessor plans and its assets and is a fiduciary to the Plans under the terms of ERISA.

9.   The defendants referenced above in ¶8(a)-(k) are referred to herein as the "Individual Defendants."

10.   The Individual Defendants had access to adverse undisclosed information about its business, operations, products, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

## CLASS ACTION ALLEGATIONS

11.   Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of all subparts to Rule 23 are met with respect to the Class defined below.

12.   The Class consists of all current or former employees who are or were participants in or beneficiaries of the Plans at any time since July 3, 1999 (the "Class"). Excluded from the Class

are Tyco, its subsidiaries and affiliates, the Court, the Individual Defendants, their immediate families and affiliates and any entitles in which any of the defendants has a controlling interest.

13. The members of the Class are so numerous that joinder of all members is impracticable. The Class consists of thousands of persons located throughout the United States. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. The exact number and identity of Class members can be determined through discovery, from records maintained by Tyco and/or its agent(s).

14. There is a well-defined community of interest in the common questions of law and fact involved in this case. Questions of law and fact common to the members of the Class predominate over any questions affecting any individual members of the Class. Those common questions of law and fact include:

(a) Whether ERISA applies to the claims at issue here;

(b) Whether defendants owe and owed fiduciary duties to members of the Class;

(c) The nature of the fiduciary duties defendants owe or owed to members of the Class;

(d) Whether defendants breached their fiduciary duties and disclosure requirements under ERISA; and

(e) The extent of harm sustained by Class members and the appropriate measure of relief.

15. Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff and the Class suffered similar harm as a result of defendants' unlawful and wrongful conduct. Absent a class action, Class members may not receive restitution or other appropriate relief and will continue to suffer losses, and these violations of law will proceed without remedy.

16. Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in class action litigation of this nature. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has no interests antagonistic to, or in conflict with, the Class he seeks to represent.

17.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for defendants. Individual actions may, as a practical matter, be dispositive of the interests of the Class.

18.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in class actions, sees no difficulty in the management of this case as a class action.

## FACTUAL BACKGROUND

19.     During the relevant period, defendants knew or should have known, but failed to disclose to the Plans' participants, that in light of the Company's deteriorating financial condition maintaining, permitting and/or encouraging investments in Company's stock fund was not only imprudent, but exposed employees to unreasonable risk of loss and injury. Despite their knowledge of improper accounting practices, defendants continued to permit and even encourage employees to invest their retirement monies in Tyco common stock.

20.     Defendants failed to provide the Plans' participants with adequate information about the Company's true financial condition despite offering the Company's stock as a prudent plan investment.

21.     Defendants continue to offer and contribute Company stock to plaintiff and class members as a prudent savings plan investment. Defendants have placed restrictions on plaintiff and Class members' ability to sell Company stock in the Plans.

22.     Defendants encouraged plaintiff and Class members to invest in the Tyco Employee Stock Purchase Plan by matching 9.9% of every dollar of stock purchased which is non participant directed.

23.     Despite serious financial problems, on January 1, 2002 Defendants *increased* from 15% to 25% the allocation of one's 401k plan allowed to be invested in Tyco common stock.

24. Defendants encouraged Plan participants to review the Tyco Annual Report before investing in Tyco common stock. This same report contained misleading and inaccurate information of Tyco's financial situation.

25. Defendants knew, yet failed to disclose to plaintiff and Class members serious problems with Tyco's ongoing financial situation including:

    (a) artificially inflated income and earnings from overly aggressive and improper accounting practices in violation of Generally Accepted Accounting Principles ("GAAP") and other principles of fair reporting; and

    (b) failing to disclose hundreds of acquisitions which had a material impact on Tyco's earning and free cash flow.

26. As a result of defendants' material misrepresentations and failure to disclose the material adverse condition of the Company, plaintiff and members of the Class were misled and deprived of their opportunity to make an informed judgment as to their investment in Tyco stock. Had Tyco's employees been properly and adequately informed about the true financial condition of the Company, the risks associated with investing in the Company's common stock and given accurate information concerning Tyco's prospects, plaintiff and Class members would not have acquired Tyco stock at artificially inflated prices, or at all, and they would not have sustained the losses they ultimately endured.

## **TYCO'S 401(K) PLANS**

27. At all relevant times, plaintiff was a participant or beneficiary of the Plans, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).

28. At all relevant times, the Plans were and continue to be "defined contribution plans" within the meaning of ERISA §3(34), 29 U.S.C. §1002(34), and "eligible individual account plans" within the meaning of ERISA §407(d)(3), 29 U.S.C. §1107(d)(3). Further, the Plans were and continue to be qualified cash or deferred arrangements within the meaning of the Internal Revenue Code §401(k), 29 U.S.C. §401(k).

29. Tyco is the Plans' Administrator under ERISA and has at times acted in regard to the Plans in a fiduciary capacity, including, without limitation, the investment of vested and non-vested

participant funds in Tyco stock. Tyco was also designated as the plan administrator of one or more of the Plans' various investment funds, thereby making it a fiduciary pursuant to ERISA §402(a)(1).

30. Defendants exercised discretion as to whether to make matching employer contributions into the Plans, whether to make such contributions in cash or stock, whether to sell company stock to the Plans and the participants and whether to allow concentrated investments in Company stock, thereby exercising authority or control with respect to the management or disposition of plan assets.

31. Defendants established the range and type of investments available to the Plans' participants and selected the investment manager(s) and/or investment advisor(s) to the Plans, thereby exercising authority or control with respect to the management or disposition of plans assets.

32. Defendants also assumed a fiduciary role by exerting undue influence through their agents and directors upon the actions of the named fiduciaries and the Plans' participants, particularly in regard to their decisions whether or not to invest the Plans' assets in the common stock of Tyco and its predecessor companies.

33. Tyco was the sponsor of the Plans and is also a party-in-interest as to the Plans within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

34. At all relevant times, defendants acted as fiduciaries of the Plans pursuant to ERISA §3(2)(21)(A), 29 U.S.C. §1002(21)(A). Defendants exercised discretionary authority or control over the management or administration of the Plans or control in the management or disposition of the Plans' assets.

35. The Plans were designed to comply with the provisions of ERISA. Employees over age 18 may participate in the Plans after meeting certain service requirements with the participating companies. The Plans are administered, in part, by the Tyco International (US) Inc. Retirement Committee. This committee consists of at least three persons appointed and overseen by the Board of Directors. Certain administrative and management functions were also performed by the directors, officers or employees of the Company or its subsidiaries.

36. The Plans authorized a participant to contribute up to 15% of their eligible compensation to the Plans in before-tax deferrals. Once the participant enrolled in the Plans and chose how much to contribute, contributions were deducted automatically from the participant's pay.

37. Under the Plans the Company would match up to five times the amount of participant's contributions for the first 1% contributed by participants.

38. At times relevant hereto, Company matching contributions in the Tyco stock fund were funded with or invested in Tyco common stock.

39. At times, the Company also made additional discretionary contributions each year, as determined by the Individual Defendants. These contributions were made in Tyco common stock and could not be withdrawn, borrowed, or transferred from Company stock in another investment fund except in certain circumstances.

40. Defendants' improper influences or encouragement of the purchase of company stock had the effect of depriving plaintiff and members of the Class of having the opportunity to exercise control over their Plans' assets, and of forcing them to concentrate their Plans' assets in Company stock, despite the risks and problems known to defendants, but not disclosed to Tyco's employees. Defendants deprived plaintiff and Class members of the opportunity to exercise control over their Plans' assets because they did not have the "opportunity to obtain sufficient information to make informed decisions with regard to investment alternatives available under the plans, and incidents of ownership appurtenant to such investments" pursuant to 29 C.F.R. §2550.404c-1(b)(2)(i)(B).

41. Moreover, plaintiff and Class members did not exercise independent control over the assets in their Plans because defendants subjected them to improper influences and/or concealed material facts regarding certain investments. 29 C.F.R. §2550.404c-1(c)(2)(i)-(ii).

42. Accordingly, defendants are not relieved of their fiduciary duties under ERISA §404(c), 29 U.S.C. §1104(c).

**DEFENDANTS' BREACHES OF FIDUCIARY DUTY**

43. ERISA is a comprehensive statute covering virtually all aspects of employee benefit plans, including retirement savings plans. Among other things, ERISA imposes rules and regulations on such plans and requires all covered plans be in writing and that plans administrators furnish to

each participant a document called a "summary plans description" ("SPD"), which appraises participants of their rights under a plan, in a manner reasonably calculated to be understood by the average plan participant, as required by 29 U.S.C. §1022(a).

44. Under ERISA, those responsible for plan management stand in a fiduciary relationship in relation to plan's participants. Pursuant to ERISA, a "fiduciary" is defined broadly to include all persons or entities that are able to exercise discretionary authority over the management of a plan or payment of benefits. ERISA requires strict fidelity and loyalty in the execution of the plans' management pursuant to 29 U.S.C. §1002(21). In addition, ERISA imposes on plan management, a fiduciary a duty of prudence, requiring those responsible for the Plan's management to "discharge his [or her] duties with respect to a plans solely in the interest of the participants and their beneficiaries and ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. §1104(a)(1),(B). ERISA also imposes on those responsible for the Plan's management a duty of loyalty, requiring the fiduciary to "discharge his duties with respect to a plans solely in the interest of the participants and their beneficiaries and ... for the exclusive purpose of ... providing benefits to the participants and their beneficiaries." 29 U.S.C. §1104(a)(1),(A),(i).

45. Defendants' fiduciary duties of loyalty, due care, and prudence include a duty to disclose and inform of any material adverse information about the Company. This duty entails: (1) a duty not to make materially false and misleading statements or misinform the Plans' participants about the true financial condition of Tyco; (2) an affirmative duty to inform the Plans' participants about material adverse factors which were affecting the Company, at any time the fiduciary knows or should know that failing to make such a disclosure might be harmful; and (3) a duty to convey complete and accurate information material to the circumstances of the Plans' participants and their beneficiaries. The disclosure duties and fiduciary duties imposed on plan management by ERISA were designed to reduce the disparity in access to Company information that existed between the fiduciaries and the participants and their beneficiaries.

46. When a plan is composed of various investment funds, such as the Plans, this duty to inform and disclose also includes: (1) the duty not to make material misrepresentations, or fail to disclose material information, the disclosure of which was necessary to prevent other statements by and/or about the Company, from being materially false or misleading; and (2) the duty to impart to the plans' participants material information which the fiduciary knows or should know is sufficient to appraise the average plan participant of the risks associated with investing in any particular investment.

47. Defendants breached their fiduciary duties of loyalty and prudence with respect to the Plans' use of Company stock as a plan investment for, among other reasons, the following:

    (a) The excessive investment in the Company's common stock, as a percentage of the Plans' overall portfolio, was an undiversified investment in a single stock that carried with it an inherently high degree of risk and volatility;

    (b) Defendants were obligated to provide plaintiff and members of the Class with complete and accurate information about Tyco, its common stock and the risks associated with individual participants' and the Plans' substantial investment therein;

    (c) It was a breach of fiduciary duty for defendants to withhold, conceal and misrepresent material adverse information about the financial condition of the Company from plaintiff and members of the Class; and

    (d) Defendants breached their fiduciary duty and their duty to inform and disclose, by encouraging plaintiff and members of the Class to continue to make and/or maintain substantial investments in Tyco common stock in their Plan accounts.

48. In addition to defendants' duties of loyalty and prudence, the fiduciary duties imposed on defendants by ERISA also entail a duty on the Plans' management to conduct an independent and continuing investigation into the merits of the Plans' investments to ensure that each investment is suitable for the Plan and its participants. Defendants breached their fiduciary duties of loyalty and prudence by failing to investigate and monitor the suitability of the Company's common stock as an investment option. Had defendants conducted a reasonable investigation into the Company they

would have known that, during the relevant period, Tyco's stock was not a suitable or prudent investment for the Plans' participants.

49. In addition to the foregoing, defendants' duty of loyalty also entailed a duty to avoid conflicts of interest and to resolve them promptly should they occur. Under ERISA, a fiduciary must always act for the sole benefit of the participants and their beneficiaries. Defendants breached their duty of loyalty by failing to avoid conflicts of interest and to resolve such conflicts promptly when they did occur. Defendants continued to invest the participants' and beneficiaries' monies in Tyco common stock and imposed restrictions on the sale or transfer of such stock despite their knowledge of the unsuitability of such a risky, volatile investment. Thus, defendants failed to act to protect plaintiff's and Class members' interests in the administration of the Plans.

50. As a result of defendants' breaches of their fiduciary duties owed to plaintiff and members of the Class, the Plans suffered substantial losses and plaintiff was harmed because, throughout the relevant period, a substantial percentage of the Plans' assets were invested in Tyco common stock and because the value of Tyco common stock substantially under-performed the market and other reasonable investment alternatives. Since plaintiff and members of the Class did not have independent control over how their assets were ultimately invested, defendants were responsible for ensuring the Plans' investments were and remained prudent. Defendants' liability to plaintiff for damages stemming from imprudent Plans investments in the Company's stock is predicated upon proof that such investments were or became imprudent and resulted in losses in the value of the assets in the Plans during the relevant period, without regard to whether plaintiff relied on defendants' statements, acts, or omissions.

51. To the extent plaintiff and members of the Class relied on defendants' representations and omissions in making and maintaining investments in the Plans, plaintiff and the Class relied to their detriment on incomplete or inaccurate information and consequently was damaged thereby.

## COUNT I

**Defendants Breach of Fiduciary Duty or Knowing Participation Therein**

52. Plaintiff incorporates by reference and realleges ¶¶ 1-51.

53. The Plans are governed by the provisions of ERISA, 29 U.S.C. §§1001, *et seq.*, and plaintiff and members of the Class are participants and/or beneficiaries in the Plans. Each of the defendants is a fiduciary or co-fiduciary with respect to the Plans pursuant to the provisions of ERISA. As co-fiduciaries, each of the defendants is liable for the other's conduct.

54. Defendants violated their fiduciary duties of loyalty and prudence by: (1) investing a large percentage of the Plans' assets in Company stock; (2) by failing to adequately investigate and monitor the merits of the investments in Company stock; (3) by failing to take steps to eliminate or reduce the amount of Company stock in the Plans; and (4) by failing to give plaintiff and members of the Class adequate information about the composition of the Plans' portfolios and accurate information about Tyco and its true financial condition.

55. In addition to the foregoing, defendants also breached their fiduciary obligations by prohibiting the Plans' participants from selling Company stock and by promoting Tyco common stock as a prudent Plan investment and encouraging the Plans' participants to invest their retirement savings in Company stock.

56. At all times relevant to the allegations raised herein, each of the defendants was a co-fiduciary of the others. Each defendant knowingly participated in the fiduciary breaches described herein, enabled its co-fiduciaries to commit such fiduciary breaches by its own failure to comply with the provisions of ERISA, and/or had knowledge of the breaches of its co-fiduciaries and failed to take reasonable efforts to remedy such breaches.

57. As a result of defendants' breach of fiduciary duties, plaintiff and members of the Class, as well as the Plans, suffered losses, the exact amount of which will be determined at trial. Defendants are personally liable to plaintiff and the Class for these losses.

## COUNT II

### Defendants' Violations of ERISA Disclosure Requirements

58. Plaintiff incorporates by reference and realleges ¶¶1-57.

59. Defendants failed to advise plaintiff and members of the Class that their investments in the Plans were at substantial risk as a result of the concentration of Tyco stock as a percentage of the Plans' total assets and defendants also failed to provide plaintiff and members of the Class with

accurate, truthful, or complete information about the Company's operations and true financial condition.

60. Unbeknownst to plaintiff and members of the Class, but known to defendants, Tyco's true financial condition was not revealed during the relevant period. Because of the disparity in knowledge between defendants and plaintiff and members of the Class, plaintiff relied on defendants to provide them with accurate and complete information about Tyco, which was material to the suitability of Company stock as a prudent investment option.

61. By failing to convey complete and accurate information to plaintiff and members of the Class, defendants violated their affirmative duty to disclose sufficient information to apprise plaintiff of the risks associated with investment in Company stock when defendants knew or should have known that the failure to disclose such material information would result in losses to plaintiff and members of the Class.

62. As a result of defendants' failure to disclose and inform, plaintiff and the Class suffered losses, the exact amount of which will be determined at trial. Defendants are personally liable to plaintiff and the Class for these losses.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

A. Determining that this is a proper class action to be certified under Rule 23 of the Federal Rules of Civil Procedure;

B. Declaring that defendants have violated the duties, responsibilities, and obligations imposed upon them as fiduciaries and co-fiduciaries and that they violated the ERISA disclosure requirements as described above;

C. Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure;

D. Awarding plaintiff and members of the Class restitution and/or remedial relief;

E. Awarding plaintiff and members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees, expert witness fees, and other costs; and

    F.    Awarding such other relief as this Court may deem just and proper.

DATED: July 9, 2002

LEE & AMTZIS P.L.
Co-Counsel for Plaintiff
350 N.W, 12th Avenue, Suite 150
Deerfield Beach, FL 33442
Telephone:   (561) 981-9988
Facsimile:   (561) 981-9980

_____
ERIC LEE
Florida Bar No. 961299

JOE R. WHATLEY, Jr.
WHATLEY DRAKE, LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 328-9576
Facsimile:   (205) 328-9669

JS 44
(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I.(a) PLAINTIFFS**
Gary Johnson, Individually and on behalf of all others similarly situated

**DEFENDANTS**
Tyco International, Ltd.; Tyco International (US) Inc., L. Dennis Kozlowski, John F. Fort, III, Mark H. Swartz, Joshua M. Berman, et al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** foreign
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT foreign
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

9:02CV80636-KLR/AEV

**(c) ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)**
Eric Lee, Esq., P.L.
Lee + Amtzis, P.L.
350 N.W. 12th Ave., Ste. 150, Deerfield Bch., FL 33442

ATTORNEYS (IF KNOWN)

02-80636 CIV-RYSKAMP
MAGISTRATE JUDGE
VITUNAC

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by TNV D.C.
INTAKE
JUL 9 2002
CLARENCE MADDOX
C.D. OF FLA. FT. LAUD.

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☒ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. §1002 et. seq. - Breach of Fiduciary Duty under Erisa

LENGTH OF TRIAL
via 10 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE Daniel T.K. Hurley
DOCKET NUMBER 02-80621

DATE 7/9/02
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 525655   AMOUNT 150.00   APPLYING IFP   JUDGE
7/9/02